<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1196**

ANNY NGOIE MUTOMBO; JOSUE NSENDA MUTOMBO; DEBORA KAMANJI
MUTOMBO,

             Petitioners,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  October 16, 2009          Decided:  October 27, 2009

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ana T. Jacobs, ANA T. JACOBS & ASSOC. P.C., Washington, D.C.,
for Petitioners.  Tony West, Assistant Attorney General, Thomas
B. Fatouros, Senior Litigation Counsel, Annette M. Wietecha,
Office of Immigration Litigation, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anny Ngoie Mutombo, a native and citizen of the Democratic Republic of the Congo, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her application for asylum because it was found she firmly resettled in South Africa.[*] We deny the petition for review.

An alien may not be granted asylum if the Attorney General determines that "the alien was firmly resettled in another country prior to arriving in the United States." 8 U.S.C. § 1158(b)(2)(A)(vi) (2006). By regulation, "[a]n alien is considered to be firmly resettled if, prior to arrival in the United States, he or she entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent resettlement." 8 C.F.R. § 1208.15 (2009). An alien who is found to have firmly resettled in another country may still obtain asylum in the United States, provided she can show either that she was in the country only as long as was necessary to arrange onward travel, see 8 C.F.R. § 1208.15(a), or that her conditions of residency in the country were substantially and

---

[*] Mutombo's asylum application was filed on behalf of her and her two children.

2

consciously restricted by the governing authority of the country. See 8 C.F.R. § 1208.15(b). Once the Government establishes firm resettlement, the burden shifts to the alien to show, by a preponderance of the evidence, that she had not resettled. Mussie v. INS, 172 F.3d 329, 332 (4th Cir. 1999). We review a finding of firm resettlement for substantial evidence. Id. at 330.

Beginning with the fact that the South African government offered Mutombo permanent resident status and that she had lived in the country for five years, got married, gave birth to two children and was employed, substantial evidence supports the finding she had firmly resettled in South Africa. Furthermore, we find Mutombo failed to show that restrictive conditions were present which rebut the finding of firm resettlement.

We also find Mutombo did not exhaust her claim that she should have received asylum from South Africa. Because she failed to raise the issue before the Board, the court lacks jurisdiction to review due to failure to exhaust "all administrative remedies." 8 U.S.C. § 1252(d)(1) (2006); see also Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED